IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KANTRICE HAMPTON,<br><br>          Plaintiff,<br><br>   vs.<br><br>CAROLYN COLVIN, Acting Commissioner<br>of Social Security,<br><br>          Defendant. | Civil Action No. 2:14-543 |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion (Docket No. 9) is denied and Plaintiff's Motion (Docket No. 7) is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about June 1, 2011. (R. 48). In her application, she alleged that she was disabled due to a learning

disability and post-partum depression, and that she had been unable to work since April 1, 1997. (R. 13, 36, 118-26).[1] Administrative Law Judge ("ALJ") William Kenworthy held a hearing on November 5, 2012, at which Plaintiff was represented by counsel. (R. 23-31). Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. (R. 29-31). In a decision dated November 7, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. (R. 13-19). On March 18, 2014, the Appeals Council denied Plaintiff's request for review. (R. 1-6). Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for my review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is

---

[1] As a child, Plaintiff received SSI benefits based upon a determination of mild mental retardation. Those benefits ceased when Plaintiff reached age 18. (R. 15). Plaintiff was 20 years old on the date she filed the application at issue in this case. (R. 18).

overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by

3

medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER PLAINTIFF MEETS LISTING 12.05C

In step three of the disability analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. Jesurum v. Secretary of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. Burnett v. Commissioner of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). Plaintiff asserts that her intellectual functioning in combination with her mental health diagnosis render her disabled under Listing 12.05C. Pl.'s Br. [ECF No. 8] at 5-10.

At the time of the ALJ's decision, Listing 12.05 provided, in relevant part:

12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

\* \* \* \*

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

\* \* \* \*

4

20 C.F.R. pt. 404, subpt. P, app.1 § 12.05; Illig v. Comm'r Soc. Sec.. 570 F. App'x 262, 264-65 (3d Cir. 2014).[2] Under the criteria in 12.05C, a claimant is presumptively disabled if: "(a) [s]he is mentally retarded, as evidenced by an IQ between 60 and 70, and has been so since before the age of 22; and (b) has another impairment, other than the mental retardation, that imposes an additional and significant work-related limitation of function." Williams v. Sullivan, 970 F.2d 1178, 1184 (3d Cir. 1992); see also Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003); McDonnell v. Astrue, Civ. A. No. 10-222, 2010 WL 3938259, at *4 (W.D. Pa. Oct. 5, 2010). Applicable case law holds that a finding of a "severe impairment" as defined in 20 C.F.R. § 416.920(c), establishes the second prong of Listing 12.05C. Markle, 324 F.3d at 188; Gist v. Barnhart, 67 F. App'x 78, 82 n.2 (3d Cir. 2003). According to the regulations, an impairment or combination of impairments is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities and has lasted or is expected to last for a continuous period of at least twelve months. See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003); 20 C.F.R. §§ 416.909.; .920(a), (c); .921. Basic work activities are the abilities or aptitudes necessary to do most jobs. 20 C.F.R. § 416.921(b). If the duration requirement is met, an impairment is "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. Newell, 347 F.3d at 546.

Here, it is undisputed that Plaintiff met the first criterion of Listing 12.05C, *i.e.*, she had a valid verbal, performance, or full scale IQ 0f 60-70. Specifically, Plaintiff obtained a verbal IQ score of 68, a performance IQ score of 68, and a full scale IQ score of 65, on a WAIS-III test administered in July 2010, when she was 20 years old. (R. 174-76). Upon considering Listing 12.05 in his opinion, however, the ALJ summarily concluded that the "paragraph C" criteria of the

---

[2] This regulation was revised in 2013 and now refers to "intellectual disability" rather than "mental retardation." The substance of the Listing did not change. Illig, 570 F. App'x at 265 n.7 (citing revisions).

listing were not met because Plaintiff did not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." (R. 16). Although the ALJ failed to elaborate on this cursory conclusion at step three, he found at step two of his analysis that Plaintiff's "mild mental retardation" was her only severe impairment. (R. 15-16). Citing only the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), the ALJ concluded that, although Plaintiff also was diagnosed with postpartum depression and an adjustment disorder with depressed mood, such impairments are not impairments that are expected to last for a continuous period of 12 months and, therefore, are not "severe" impairments within the meaning of the Social Security regulations. (R. 15). Under the applicable law explained above, such nonsevere impairments would impose no more than slight limitation on Plaintiff's ability to carry out unskilled work, and, therefore, Plaintiff's postpartum depression and adjustment disorder would not satisfy the 12.05C criteria.

After careful review, I agree with Plaintiff that the ALJ's analysis of the severity of Plaintiff's impairments was flawed. As set forth above, the ALJ cited the DSM-IV as the only support for his conclusion that Plaintiff's postpartum depression and adjustment disorder were, by definition, of limited duration. The text of the DSM-IV, however, does not support this blanket conclusion. Although the DSM section on adjustment disorders states that "by definition, an Adjustment Disorder must resolve within 6 months of the termination of the stressor," it further explains that "symptoms may persist for a prolonged period . . . if they occur in response to a chronic stressor . . . or to a stressor that has enduring consequences . . . ." DSM-IV-TR at 679 (2000); DSM-IV at 623-24 (1994).[3] The ALJ did not discuss this language or its applicability to Plaintiff despite

---

[3] The ALJ does not cite a specific DSM-IV section concerning postpartum depression. Rather, he appears to apply the DSM-IV section describing adjustment disorders to both impairments.

6

record evidence indicating that Plaintiff was receiving ongoing treatment for her conditions that commenced more than a year prior to the hearing. See R. 292-296, 303-306, 332-337 (Exs. 3F, 5F, 7F).[4]

Research also has revealed numerous cases in which ALJs have found an adjustment disorder to be a "severe" impairment. See, e.g., Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 502 (3d Cir. 2009); Kamann v. Colvin, 721 F.3d 945, 949 (8th Cir. 2013); Caudill v. Comm'r of Soc. Sec., 424 F. App'x 510, 513 (6th Cir. 2011); Bash v. Colvin, Civ. Action No. 13-741, 2014 WL 1371580, at *2 (W.D. Pa. Apr. 8, 2014); see also Harris v. Astrue, Civ. Action No. 11-1228, 2012 WL 1018840, at *1 (W.D. Pa. Mar. 26, 2012) (postpartum depression). These cases further belie any suggestion that impairments such as Plaintiff's are, by definition, short-term impairments and, therefore, are *per se* nonsevere.

Because the ALJ insufficiently analyzed the severity of Plaintiff's other impairments, remand is required on this issue. In so ordering, I express no opinion on whether Plaintiff satisfies all of the requirements of Listing 12.05C. Upon remand, however, the ALJ must support any conclusions he reaches in that regard with substantial evidence, including conclusions regarding whether Plaintiff has another impairment that imposes "an additional and significant work-related limitation of function."[5]

---

[4] The ALJ identified the birth of Plaintiff's child and the death of the baby's father as Plaintiff's stressors. (R. 15). In addition to failing to address whether these were stressors with enduring consequences, the ALJ did not discuss additional stressors cited in Plaintiff's medical records, including financial stressors, being unemployed, and not having a home of her own. See, e.g., R. 306 (Ex. 5F).

[5] Defendant cites the report of non-examining, state agency psychologist, Jan Melcher, Ph.D., as evidence that Plaintiff did not meet Listing 12.05C. Dr. Melcher's report does not obviate the need for remand on this issue. First, contrary to Defendant's suggestion, the ALJ did not cite Dr. Melcher's report, or her opinions regarding Listing 12.05C, in support of his Step 3 analysis. (R. 16-17). He only discussed Dr. Melcher in support of a different point at Step 5. (R. 18). Second, although Dr. Melcher mentions Listing 12.05C in her report, her analysis appears more closely correlated with the language of Listing 12.04 (Affective Disorders) than the specific 12.05C language at issue in this case. (R. 38-39). Finally, Dr. Melcher opined that both Plaintiff's mental retardation and affective disorders were "severe" impairments. (R. 38). To the extent the ALJ deems Dr. Melcher's opinions pertinent to the 12.05C analysis, he must discuss those

## C. WHETHER PLAINTIFF MEETS LISTING 12.05D

Plaintiff also asserts that her intellectual functioning in combination with her mental health diagnosis render her disabled under Listing 12.05D. Pl.'s Br. [ECF No. 8] at 10-11. This argument is without merit.

At the time of the ALJ's decision, Listing 12.05 provided, in relevant part:

12.05 <u>Mental Retardation</u>: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

* * * *

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, app.1 § 12.05. Again, the ALJ did not dispute that Plaintiff had a valid verbal, performance, or full scale IQ of 60-70. He held, however, that Plaintiff did not satisfy the paragraph "D" criteria because she did not have marked limitations in any of the requisite areas. Rather, the evidence demonstrated only mild restriction in the activities of daily living and social functioning and moderate difficulties with regard to concentration, persistence or pace. The ALJ also found no evidence that Plaintiff ever had an episode of decompensation of extended duration. (R. 16-17).

---

opinions and any relevant conclusions on remand.

Substantial record evidence supports the ALJ's analysis and findings in this regard. For example, with respect to activities of daily living, Plaintiff reported that she lives independently, cares for her personal needs, and takes care of her child with some assistance in daily activities and housecleaning from her cousin. (R. 16, 144-151, 293). With respect to social functioning, consultative examiner, Lanny Detore, Ed.D., opined that Plaintiff had only slight limitations on her ability to interact appropriately with the public, supervisors, and co-workers. (R. 16, 295). Regarding concentration, persistence, and pace, Dr. Detore opined that Plaintiff had only moderate restrictions on her ability to understand, remember, and carry out short, simple instructions. (R. 17, 295).[6] Finally, Plaintiff has not pointed to any episodes of decompensation of extended duration, nor did I find evidence of any such episodes in the record.

In short, Plaintiff has not pointed to sufficient evidence to contradict the ALJ's findings or show that her mental impairments meet or equal Listing 12.05D. As set forth above, the record evidence concerning Plaintiff's symptoms and abilities supports the ALJ's finding. Plaintiff's claims that she receives some assistance from a case worker and a cousin and cannot fill out forms or applications are insufficient to demonstrate the requisite marked limitations.

For all of these reasons, I find the ALJ's conclusion that Plaintiff's impairments do not meet the criteria set forth in Listing 12.05D (R. 16-17) to be supported by substantial evidence in the record.

---

[6] Dr. Detore found that Plaintiff had marked restrictions on her ability to understand, remember, and carry out detailed instructions and in her ability to make judgments on simple work-related decisions. (R. 295). Plaintiff cites Dr. Detore's finding of marked restrictions on her ability to make judgments on simple work-related decisions as evidence that she had marked limitations in maintaining concentration, persistence, or pace. Pl.'s Br. [ECF No. 8] at 11. As set forth above, the totality of the evidence supports the ALJ's finding of only moderate restrictions. Even assuming Plaintiff had marked restrictions in this area, however, she would not satisfy the paragraph D criteria, which require two areas of marked restrictions and/or marked restrictions in one area coupled with repeated episodes of decompensation.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's Step 3 analysis is not supported by substantial evidence to the extent the ALJ insufficiently analyzed Plaintiff's additional impairments in connection with the requirements of Listing 12.05C. The case therefore is remanded for further consideration of this limited issue in light of this Opinion. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KANTRICE HAMPTON,

        Plaintiff,

   vs.

CAROLYN COLVIN, Acting Commissioner of Social Security,

        Defendant.

Civil Action No. 2:14-543

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 14th day of January, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment (Docket No. 9) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge